```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                    CENTRAL DIVISION AT LEXINGTON
```

GARY N. SIMPSON, et al.

    Plaintiff,                     Civil Action No. 5:12-CV-006-JMH

vs.

LEXINGTON FAYETTE URBAN
    COUNTY GOVERNMENT, et al.,     **MEMORANDUM OPINION AND ORDER**

    Defendants.

***** ***** *****

Gary N. Simpson, confined in the Allen Correctional Institution in Lima, Ohio, has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 [R. 1], on behalf of himself and others, challenging the appointment of his mother as the Administratix of his father's estate.[1]

As a preliminary matter, this Court notes that Gary N. Simpson ("Plaintiff") is not an attorney and, therefore, cannot represent anyone other than himself before this Court. Only licensed attorneys may practice law on behalf of others. *Coleman Advertising, Inc. v. Visionmedia*, No. 02-cv-74416, 2003 WL 345368

---

[1] Simpson has filed two documents [Record No. 5, 26] which include ambiguous wording indicating that he may be trying to file an appeal to the Sixth Circuit, however no final or appealable order has been entered from which Simpson could appeal. The first attempt at appeal was dismissed by the Sixth Circuit because no final or appealable order had been entered in this Court. *Simpson et al. v. Lexington-Fayette Urban Cnty Gov't, et al.*, No. 12-5058 (6th Cir. March 29, 2012). Similarly, since a final or appealable order has not yet been entered, Simpson's second "Entry Appeal Notice" [Record No. 26], filed on March 26, 2012, will not be construed as a notice of appeal to the Sixth Circuit.

at *2 (6th Cir. Jan. 31, 2003) (*citing Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385-86 (11th Cir. 1985); *Doherty v. American Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984)). Thus, all claims that he asserts on behalf of all of the other plaintiffs shall be dismissed.

With respect to his own claims, Plaintiff's allegations revolve around the appointment of his mother, Wanda Simpson, as Ancillary Administratrix for the Estate of Nolan Gary Simpson, deceased, and whether Wanda Simpson, in her role as Ancillary Administratrix, was competent to make decisions with respect to the wrongful death litigation arising out of Plaintiff's father's death. The wrongful death case was originally filed in Fayette Circuit Court in 1983, while Plaintiff was a minor child. Gina L. Nutter was appointed as the next friend of Plaintiff and his siblings for purposes of the wrongful death action. Because Wanda Simpson was not competent to make decisions regarding legal representation and settlement, Simpson argues, the entire state court wrongful death case should be re-opened and re-litigated.

The *Rooker-Feldman* doctrine, which provides that "lower federal courts lack subject matter jurisdiction to engage in appellate review of state court proceedings to adjudicate claims 'inextricably intertwined' with issues decided in state court proceedings," prohibits the relief that Plaintiff seeks. *Stemler v. Florence*, 350 F.3d 578, 589 (6th Cir. 2003)(quoting *Peterson Novelties, Inc. v. Berkley*, 305 F.3d 386, 390 (6th Cir. 2002)); *See*

*also Bodell v. McDonald*, 4 F.App'x 276, 278 (6th Cir. 2001) (unpublished table opinion); *ADSA, Inc. v. Ohio*, 176 F.App'x 640, 643-44 (6th Cir. 2006) (unpublished table opinion). Because the relief requested herein is inextricably intertwined with the state court's decision to appoint Wanda Simpson as Ancillary Administratix of the Estate, Plaintiff's claims are essentially an appeal of the state court's decision, over which this Court does not have jurisdiction. *Stemler,* 350 F.3d at 289.

Thus, Plaintiff fails to state a claim upon which relief may be granted, and this matter shall be dismissed pursuant to 28 U.S.C. § 1915A.

Accordingly, **IT IS ORDERED** that Plaintiff's claims shall be **DISMISSED WITH PREJUDICE.**

This the 29th day of March, 2012.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge